

Gabriel G. Green (CA Bar No. 222445) *Pro Hac Vice Application Pending*
ggreen@archernorris.com
ARCHER NORRIS
A Professional Law Corporation
333 South Grand Avenue, Suite 1700
Los Angeles, California 90071-1540
Telephone:    213.437.4000
Facsimile:    213.437.4011

Bryan Couch
Bryan.couch@clydeco.us
CLYDE & CO US LLP
The Chrysler Building
405 Lexington Avenue, 11th Floor
New York, New York 10174
Telephone:    212.710-3900
Facsimile:    212.710.3950

Attorneys for Plaintiff
KING TACO RESTAURANT, INC.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KING TACO RESTAURANT, INC., a California corporation,<br><br>              Plaintiff,<br><br>      v.<br><br>ANNIE LIN, a New York resident; CHIANG SU, a New York resident; KING TACO SUPREME, a business entity of unknown form; and DOES 1-10, inclusive,<br><br>              Defendants. | Civil Action No.<br><br>**COMPLAINT FOR**:<br><br>(1)  FEDERAL TRADEMARK INFRINGEMENT;<br>(2)  FEDERAL UNFAIR COMPETITION AND FALSE ADVERTISING;<br>(3)  NEW YORK COMMON LAW TRADEMARK INFRINGEMENT;<br>(4)  NEW YORK STATUTORY DECEPTIVE TRADE PRACTICES;<br>(5)  DILUTION AND INJURY TO BUSINESS REPUTATION – N.Y. GEN BUS. LAW §360(1)<br>(6)  NEW YORK COMMON LAW UNFAIR COMPETITION. |

Plaintiff KING TACO RESTAURANT, INC. (hereinafter "Plaintiff" or "King Taco"),

complains against defendants, ANNIE LIN, CHIANG SU, and KING TACO SUPREME

(hereinafter collectively "Defendants") as follows:

## PARTIES

1.      Plaintiff King Taco Restaurant, Inc. is a corporation duly organized and incorporated under the laws of California, with its principal place of business at 6055 East Washington Blvd #750, Commerce, California 90040.

2.      Plaintiff is informed and believes, and thereon alleges, that defendant Annie Lin ("Defendant Lin") is an individual residing in Brooklyn, New York and is the owner and/or operator of defendant King Taco Supreme.

3.      Plaintiff is informed and believes, and thereon alleges, that defendant Chiang Su ("Defendant Su") is an individual residing in Astoria, New York and is the registered owner of the infringing website at url: www.kingtacosupreme.com.

4.      Plaintiff is informed and believes, and thereon alleges, that defendant King Taco Supreme ("Defendant KTS") is a business entity of unknown form and/or origin that operates a commercial establishment at 3806 Fort Hamilton Pkwy, Brooklyn, New York 11218.

5.      Plaintiff is ignorant of the true names and capacities of the defendants sued herein as Does 1 through 10, and therefore sues these defendants by such fictitious names.  Plaintiff will amend this Complaint to allege the true names and capacities of these defendants when ascertained.  Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named defendants Does 1 through 10, inclusive, caused and participated in each of the acts and omissions of each of the named defendants hereinafter alleged, and in doing so, acted as the agent, employee, and co-conspirator of said defendants, and acted within the scope and in furtherance of said agency, employment, or conspiracy.

6.     Upon information and belief, each defendant named herein is the agent, principal, joint venturer, and/or co-conspirator of the other defendants and each is jointly and severally liable for the acts and omissions of all of the other named defendants.

7.     Plaintiff is informed and believes, and based thereon, alleges that there exists, and at all times herein mentioned there existed, a unity of interest and ownership between Defendant Lin and Defendant KTS, such that any individuality and separateness between Defendant Lin and Defendant KTS have ceased, and that Defendant KTS is the alter ego of Defendant Lin in that Defendant KTS is, and at all times herein mentioned was, a mere shell, instrumentality, and conduit through which Defendant Lin carried on her business in the entities' name prior to formation, exercising complete control and dominance of such business to such an extent that any individuality or separateness of Defendant KTS and Defendant Lin does not, and at all times herein mentioned did not, exist.  Moreover, Plaintiff alleges, on information and belief, that Defendant Lin used assets of Defendant KTS for her personal uses, caused assets of Defendant KTS to be transferred to her without adequate consideration, and withdrew funds from Defendant KTS' bank accounts for her personal use.

## JURISDICTION AND VENUE

8.     Jurisdiction in this Court is proper as this Complaint poses federal questions arising under particular federal statutes, including the Federal Trademark Act (the "Lanham Act") as amended in 15 U.S.C. §§ 1051 et seq. and the Unfair Competition Act under 15 U.S.C. §§ 1125 et seq.  This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121.

9.     To the extent this Complaint contains claims for relief under New York law, those claims are specifically authorized to be brought in this Court under the supplemental jurisdiction

provision of 28 U.S.C. § 1367 and under 28 U.S.C. § 1338.

10.     The Court has personal jurisdiction over Defendants as they are conducting business in the State of New York by, among other things, contracting to offer and offering goods for sale in the State of New York.

11.     Venue is proper in the State of New York and this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this action occurred in this district and at least one of the Defendants reside in New York in this judicial district.

### GENERAL ALLEGATIONS

### Plaintiff's King Taco Trademarks

12.     Founded in 1974, King Taco is a well-known restaurant chain and distributor of authentic Mexican foods throughout the United States.  While most of King Taco's restaurants are located in California, King Taco's business continues to expand and is focused on adding restaurants to other states nationwide.  As a result of King Taco's use of its "King Taco" and "King Taco Restaurants, Inc." trademarks and because of King Taco's numerous restaurants and expansive advertising, King Taco's restaurants and food services are well-known and its trademarks are widely recognized by individuals across the country, especially to individuals in the Mexican restaurant business.

13.     In 2004, King Taco filed an application for registration of the word mark "King Taco" with the United States Patent and Trademark Office ("USPTO").  On May 4, 2004, the USPTO registered Plaintiff's "King Taco" word mark on the Principal Register, with registration number, 2,838,200, for restaurant, take-out restaurant services in Class 043.  Said registration has become incontestable under 15 U.S.C. § 1065 and 15 U.S.C. § 1115(b), as King Taco has filed the required affidavit with the USPTO.

14.     To further identify its "King Taco" brand, King Taco uses a trademark that consists of a drawing of a stylized form of a man wearing a crown in connection with its popular restaurants and Mexican food products.  On June 15, 2004, the USPTO registered Plaintiff's King Taco stylized design mark on the Principal Register, with registration number 2,838,199, for restaurant, take-out restaurant services in Class 043.  Said registration has become incontestable under 15 U.S.C. § 1065 and 15 U.S.C. § 1115(b), as King Taco has filed the required affidavit with the USPTO.

15.     In 2004, King Taco also filed an application for registration of the stylized word mark "King Taco Restaurants, Inc."  with the USPTO.  On May 4, 2004, the USPTO registered King Taco's "King Taco Restaurants, Inc." stylized word mark on the Principal Register, with registration number, 2,838,200, for restaurant, take-out restaurant services in Class 043.  Said registration has become incontestable under 15 U.S.C. § 1065 and 15 U.S.C. § 1115(b), as King Taco has filed the required affidavit with the USPTO.

16.     King Taco has continuously used its "King Taco" word mark (Registration No. 2,838,200), "King Taco" stylized design mark (Registration No. 2,838,200), and "King Taco Restaurants, Inc." stylized word mark (Registration No. 2,838,199) (hereinafter collectively referred to as the "King Taco Trademarks") in connection with and to identify its restaurant services to distinguish said products from similar products offered by other companies, by, and without limitation, prominently displaying said mark on its restaurants and the packaging of food sold in its restaurants and advertising and promotional materials distributed throughout the United States, including marketing and advertising its King Taco Trademarks throughout NASCAR and other motor sports visible across the entire country.

17.     Each of the King Taco Trademarks is valid, subsisting, uncancelled, and unrevoked.

18.     In addition, as of the date of filing this complaint, King Taco is actively engaged in expanding its use of the King Taco Trademarks in connection with restaurants in interstate commerce throughout the United States.

## Defendants' Infringing Conduct

19.     King Taco is informed and believes, and thereon alleges, that Defendants own and operate a Mexican restaurant located in Brooklyn, New York, with its principal place of business at 3806 Fort Hamilton Pkwy, Brooklyn, New York 11218.   Defendants sell, offer for sale, promote and advertise purportedly authentic, take-out Mexican food.   To further promote their infringing business, Plaintiff is informed and believe, and thereon alleges, that Defendants also own and operate a website at the infringing url: www.kingtacosupreme.com ("Infringing Website"), in an improper effort to further divert business from Plaintiff to Defendants' benefit. The Infringing Website is registered to Defendant Su.

20.     In or around August 2010, King Taco discovered that Defendants were infringing the King Taco Trademarks in interstate commerce by using and exploiting the King Taco Trademarks by various acts, including, without limitation, the selling, offering for sale, promotion and advertising restaurant and/or services under the name "King Taco" of a type similar to the type of services offered by King Taco.   Moreover, Defendants were infringing, and continue to infringe, the King Taco Trademarks by operating the Infringing Website to promote their infringing business.

21.     The Defendants were never authorized, licensed, nor granted permission to use the King Taco Trademarks in connection with restaurant services and/or food services and their

use of the King Taco Trademarks is likely to cause confusion, to cause mistake, and to deceive among consumers as to the source, quality, and nature of Defendants' goods and services.

22.     Defendants' use of the "King Taco" name causes substantial confusion, mistake, and deception among consumers as to the source, quality, and nature of Defendants' goods and services.

23.     On August 8, 2011, King Taco sent Defendants a Notice of Infringement and demand to cease and desist all activities in violation of the Federal Trademark Law constituting infringement of the King Taco Trademarks.  See Notice of Infringement Letter dated August 8, 2011 attached hereto as **Exhibit A**.

24.     Defendants ignored King Taco's Notice of Infringement Letter and continue to willfully infringe the King Taco Trademarks to this day.

<u>**FIRST CLAIM FOR RELIEF**</u>

<u>**Federal Trademark Infringement**</u>

25.     King Taco incorporates by this reference each and every allegation set forth above in paragraphs 1 through 24, inclusive, as though fully stated herein.

26.     King Taco is the legal owner of the King Taco Trademarks, has not abandoned any the King Taco Trademarks since their first use, and all of the King Taco Trademarks have been, and continue to be, in continuous use in interstate and intrastate commerce.

27.     Defendants' unauthorized use of the King Taco Trademarks, as explained above, is likely to cause confusion, mistake, and/or deception among consumers as to the source, quality, and/or nature of Defendants' goods and services.  Defendants' use of the King Taco Trademarks also likely creates the misconception among consumers that King Taco somehow ratifies or authorizes the Defendants' infringing use of the King Taco Trademarks and/or that

King Taco is affiliated in some manner with the Defendants' business, when such is not the case.

28.    King Taco never gave Defendants permission to use the King Taco Trademarks and King Taco, as owner of the King Taco Trademarks, objects to Defendants' past, and continued, infringing use of the King Taco Trademarks.

29.    While King Taco has notified Defendants that their use of the King Taco Trademarks is unauthorized, the Defendants continue to use and extensively exploit, for their own commercial advantage, the King Taco Trademarks, to the detriment of King Taco as well as the consuming public.

30.    Because Defendants' continued use of the King Taco Trademarks prevents King Taco from exercising exclusive control over its intellectual property rights and because Defendants' continued use of the King Taco Trademarks is likely to continue to cause confusion, mistake, and/or deception as to the source, affiliation, or sponsorship of the goods and services that Defendants advertise, promote, and/or sell through their infringing use of the King Taco Trademarks, King Taco lacks an adequate remedy at law.  Unless a temporary, preliminary and permanent injunction is issued enjoining Defendants from any continuing or future infringing use of the King Taco Trademarks, King Taco will continue to sustain irreparable damage.  Indeed, Defendants have already proven themselves to be willful infringers who have complete disregard of the intellectual property rights of King Taco.  Pursuant to 15 U.S.C. § 1116(a), King Taco is entitled to an order enjoining Defendants, and each of them, from using the King Taco Trademarks to advertise, market, and/or sell Defendants' goods or services.

31.    As a direct and proximate cause of Defendants' infringing conduct, King Taco has been damaged and will continue to be damaged.  Pursuant to 15 U.S.C. § 1117(a), King Taco is entitled to an order requiring Defendants to account to King Taco for any and all profits and

other ill-gotten gains Defendants derived from their unauthorized and infringing use of the King Taco Trademarks, as detailed herein, and to an order awarding all damages sustained by King Taco by reason of Defendants' infringing conduct.

32.    As evidenced by Defendants' refusal to cease further use of the King Taco Trademarks after receiving notice of King Taco's objections to Defendants' use of the King Taco Trademarks, Defendants' conduct was intentional and in conscious disregard of King Taco's rights.  King Taco, therefore, is entitled to an award of treble damages and/or enhanced profits from Defendants.

33.    King Taco is informed and believes, and on that basis alleges, that Defendants have used counterfeits of King Taco's federally registered King Taco Trademarks to sell, offer for sale, promote and advertise other restaurants, services, and/or products not part of King Taco's King Taco brand.  Pursuant to 15 U.S.C. § 1117(b), KING TACO is entitled to an award of trebled damages or trebled profits.

34.    Defendants' intentional acts make this an exceptional case under 15 U.S.C. § 1117(a) and King Taco is entitled to an award of attorneys' fees and costs.

### SECOND CLAIM FOR RELIEF

### Federal Unfair Competition and False Advertising

35.    King Taco incorporates by this reference each and every allegation set forth above in paragraphs 1 through 34, inclusive, as though fully stated herein.

36.    King Taco is the legal owner of the King Taco Trademarks, has not abandoned any of the King Taco Trademarks since their first use, and all of the King Taco Trademarks have been, and continue to be, in continuous use.  Despite knowledge of King Taco's ownership interests in the King Taco Trademarks, Defendants, and each of them, have made, and continue

to make, use in interstate commerce of the King Taco Trademarks without King Taco's permission.

37.     Defendants' unauthorized use of the King Taco Trademarks creates a false association between Defendants and King Taco.  Defendants' unauthorized use of the King Taco Trademarks also tends to cause confusion, mistake, and/or deception among consumers as to the source, quality, and nature of Defendants' goods and services.

38.     Defendants, and each of them, have engaged in fraudulent business practices, false advertising, and unfair competition by using the King Taco Trademarks, associated goodwill, and other intangible rights of King Taco without permission in an attempt to pass off Defendants' goods as coming from, being sponsored by, and/or affiliated with King Taco, when such is not the case.

39.     Defendants' use of the King Taco Trademarks, goodwill, and other intangible rights of King Taco is in direct violation of 15 U.S.C. § 1125(a) et seq., and represents false advertising and false designation of source entitling King Taco to all remedies available under the law.

40.     As a direct and proximate result of the foregoing conduct, King Taco is entitled to damages against all Defendants, and each of them, in an amount according to proof at trial, to a temporary, preliminary, and permanent injunction, and to any and all other relief the Court deems just and proper under the law.

### THIRD CLAIM FOR RELIEF

### New York Common Law Trademark Infringement

41.     King Taco incorporates by this reference each and every allegation set forth above in paragraphs 1 through 40, inclusive, as though fully stated herein.

42.     The King Taco Trademarks are the proprietary property of King Taco, which possesses certain common law trademark rights and protections in the King Taco Trademarks under the common law of the State of New York.

43.     Defendants' unauthorized use and intentional infringement of the King Taco Trademarks, as explained above, is likely to cause confusion, mistake, and/or deception among consumers as to the source, quality, and/or nature of Defendants' goods and services, thereby, committing common law trademark infringement.

44.     King Taco never gave Defendants permission to use the King Taco Trademarks or engage in the offending activities.  After discovering Defendants' infringing use of the King Taco Trademarks, King Taco demanded that the Defendants cease further use of the King Taco Trademarks.  Defendants, however, have refused to cease further use and continue, to this day, to misappropriate King Taco's rights in the King Taco Trademarks.

45.     King Taco has been damaged and will continue to be damaged by Defendants' infringing activities.

46.     As a direct and proximate result of the foregoing conduct, King Taco is entitled to damages against all Defendants, and each of them, in an amount that is subject to proof at trial, to a preliminary and permanent injunction, and to any and all other relief the Court deems just and proper under the law.

47.     King Taco is informed and believes, and thereon alleges, that Defendants' conduct was willful, wanton, malicious, and in conscious disregard of King Taco's rights, thereby justifying an award of punitive and/or exemplary damages in an amount according to proof at trial.

48.     Upon information and belief, Defendants Lin and Su direct, control, ratify,

K0123001/1221712-1                              11

participate in, and are the moving force behind the infringing activity, and are therefore personally liable for such infringement.

### FOURTH CLAIM FOR RELIEF

#### New York Statutory Deceptive Trade Practices

49. King Taco incorporates by this reference each and every allegation set forth above in paragraphs 1 through 48, inclusive, as though fully stated herein.

50. Defendants, and each of them, have engaged in a pattern of unfair, deceptive, and fraudulent acts to enrich themselves by misappropriating King Taco's rights to the King Taco Trademarks and using them for their own benefit.

51. By virtue of the acts complained herein, Defendants have intentionally caused a likelihood of confusion, mistake, and/or deception among consumers as to the source, quality, and nature of Defendants' goods and services and have otherwise engaged in deceptive trade practices in violation of New York General Business Law sections 349, et seq.

52. Defendants' aforementioned acts have been fraudulent, oppressive, and malicious, and have injured King Taco and damaged King Taco in an amount to be determined at trial.

53. As a direct and proximate result of the foregoing conduct, King Taco is entitled to damages against all Defendants, and each of them, in an amount that is subject to proof at trial, to a preliminary and permanent injunction, and to any and all other relief the Court deems just and proper under the law.

54. Upon information and belief, Defendants Lin and Su direct, control, ratify, participate in, and are the moving force behind the infringing activity, and are therefore personally liable for such infringement.

<u>FIFTH CLAIM FOR RELIEF</u>

**Dilution and Injury to Business Reputation under New York Statutory Law**

**N.Y. Gen. Bus. Law §360(1)**

55.     King Taco incorporates by this reference each and every allegation set forth above in paragraphs 1 through 54, inclusive, as though fully stated herein.

56.     Defendants' operation of a restaurant under the infringing name King Taco Supreme and their marketing, promotion, and sales of Mexican food under the King Taco Trademarks are likely to dilute, blur, and/or detract from the distinctiveness of the King Taco Trademarks and will cause damage to King Taco's business reputation.

57.     Defendants' acts of dilution, unless restrained, will cause great and irreparable injury to King Taco and to the business and goodwill represented by the King Taco Trademarks for which King Taco has no adequate remedy at law.

<u>SIXTH CLAIM FOR RELIEF</u>

**New York Common Law Unfair Competition**

58.     King Taco incorporates by this reference each and every allegation set forth above in paragraphs 1 through 57, inclusive, as though fully stated herein.

59.     King Taco is the legal owner of the King Taco Trademarks, has not abandoned any of the King Taco Trademarks since their first use, and all of the King Taco Trademarks have been, and continue to be, in continuous use.  Despite knowledge of King Taco's ownership interests in the King Taco Trademarks, Defendants, and each of them, have made, and intentionally continue to make, use in interstate commerce of the King Taco Trademarks without King Taco's permission.

60.     Defendants, and each of them, have engaged in a pattern of unfair, deceptive, and

K0123001/1221712-1                                    13

fraudulent acts to enrich themselves by misappropriating King Taco's rights to the King Taco Trademarks and using them for their own benefit.

61.     Defendants' unauthorized use of the King Taco Trademarks creates a false association between Defendants and King Taco.  Defendants' unauthorized use of the King Taco Trademarks also tends to cause confusion, mistake, and/or deception among consumers as to the source, quality, and nature of Defendants' goods and services.

62.     Defendants, and each of them, have engaged in fraudulent business practices, false advertising, and unfair competition by using the King Taco Trademarks, associated goodwill, and other intangible rights of King Taco without permission in an attempt to pass off Defendants' goods as coming from, being sponsored by, and/or affiliated with King Taco.

63.     King Taco has been damaged and will continue to be damaged by Defendants' unlawful, unfair, and/or fraudulent business practices and misleading advertising as alleged herein.  King Taco, therefore, is entitled to a preliminary and permanent injunction enjoining Defendants from using the King Taco Trademarks to advertise, market, and/or sell Defendants' goods or services.

64.     As a direct and proximate result of the foregoing conduct, King Taco has been harmed and is entitled to damages against all Defendants, and each of them, in an amount according to proof at trial and to any and all other relief the Court deems just and proper under the law.

65.     King Taco is informed and believe, and thereon allege, that Defendants' conduct was willful, wanton, malicious, and in conscious disregard of King Taco's rights, thereby justifying an award of punitive and/or exemplary damages in an amount according to proof at trial.

66.     Upon information and belief, Defendants Lin and Su direct, control, ratify, participate in, and are the moving force behind the infringing activity, and are therefore personally liable for such infringement.

### PRAYER FOR RELIEF

**As to the First Claim for Relief:**

A.     For an order that, by the acts complained of herein, Defendants have infringed King Taco's trademark rights, in violation of 15 U.S.C. § 1114.

B.     For an order awarding King Taco general and/or specific damages, in an amount to be fixed by the Court in accordance with proof, including enhanced and/or exemplary damages, as appropriate, as well as disgorgement of all of Defendants' profits or gains of any kind from their acts of trademark infringement, common law trademark infringement, unfair competition, and false advertising; and further for an award that such acts were willful and wanton, thereby justifying an award, where appropriate, of treble or enhanced damages.

C.     For an order awarding King Taco treble Defendants' profits, or treble King Taco's damages, whichever is greater, pursuant to 15 U.S.C. § 1117(b), for Defendants' knowing and intentional use of counterfeits of King Taco's federally registered King Taco Trademarks.

D.     For an order awarding statutory damages for each willful use by Defendants as the Court deems just, pursuant to 15 U.S.C. § 1117(c).

**As to the Second Claim for Relief:**

E.     For an order that, by the acts complained of herein, Defendants have engaged in unfair competition and false advertising, in violation of 15 U.S.C. § 1125(a).

F.     For an order awarding King Taco general and/or specific damages, in an amount to be fixed by the Court in accordance with proof, including enhanced and/or exemplary damages, as appropriate, as well as disgorgement of all of Defendants' profits or other ill-gotten gains of any kind from their acts of trademark infringement, common law trademark infringement, unfair competition, and false advertising.

G.     For an order that Defendants' conduct, as complained of herein, was willful, wanton, malicious, and in conscious disregard of King Taco's rights, thereby justifying an award of punitive and/or exemplary damages in an amount according to proof at trial.

**As to the Third Claim for Relief:**

H.     For an order that, by the acts complained of herein, Defendants have infringed King Taco's common law trademark rights.

I.     For an order awarding King Taco general and/or specific damages, in an amount to be fixed by the Court in accordance with proof, including enhanced and/or exemplary damages, as appropriate, as well as disgorgement of all of Defendants' profits or gains of any kind from their acts of trademark infringement, common law trademark infringement, unfair competition, and false advertising.

J.     For an order that Defendants' conduct, as complained of herein, was willful, wanton, malicious, and in conscious disregard of King Taco's rights, thereby justifying an award of punitive and/or exemplary damages in an amount according to proof at trial.

**As to the Fourth Claim for Relief:**

K.     For an order that, by the acts complained of herein, Defendants have engaged in deceptive trade practices, in violation of N.Y. Gen. Bus. Law §349, et seq.

L.     For an order awarding King Taco general and/or specific damages, in an

amount to be fixed by the Court in accordance with proof, including enhanced and/or exemplary damages, as appropriate, as well as all of Defendants' profits or gains of any kind from their acts of trademark infringement, common law trademark infringement, trade dress infringement, unfair competition, and false advertising.

M.      For an order that Defendants' conduct, as complained of herein, was willful, wanton, malicious, and in conscious disregard of King Taco's rights, thereby justifying an award of punitive and/or exemplary damages in an amount according to proof at trial.

**As to the Fifth Claim for Relief:**

N.      For an order that, by the acts complained of herein, Defendants have diluted and injured King Taco's business reputation in violation of N.Y. Gen. Bus. Law §360(1).

O.      For an order awarding King Taco general and/or specific damages, in an amount to be fixed by the Court in accordance with proof, including enhanced and/or exemplary damages, as appropriate, as well as all of Defendants' profits or gains of any kind from their acts of trademark infringement, common law trademark infringement, trade dress infringement, unfair competition, and false advertising.

P.      For an order that Defendants' conduct, as complained of herein, was willful, wanton, malicious, and in conscious disregard of King Taco's rights, thereby justifying an award of punitive and/or exemplary damages in an amount according to proof at trial.

**As to the Sixth Claim for Relief:**

Q.      For an order that, by the acts complained of herein, Defendants have engaged in unfair competition, in violation of the common law of New York

R.      For an order awarding King Taco general and/or specific damages, in an amount to be fixed by the Court in accordance with proof, including enhanced and/or exemplary

damages, as appropriate, as well as all of Defendants' profits or gains of any kind from their acts of trademark infringement, common law trademark infringement, trade dress infringement, unfair competition, and false advertising.

   S. For an order that Defendants' conduct, as complained of herein, was willful, wanton, malicious, and in conscious disregard of King Taco's rights, thereby justifying an award of punitive and/or exemplary damages in an amount according to proof at trial.

**As to all Claims for Relief:**

   N. For a temporary, preliminary and permanent injunction, enjoining all Defendants, and each of them, and their agents, servants, employees, and all persons acting under or in concert with them from:

     i. Using the King Taco Trademarks in connection with Defendants' goods, marketing, advertising, or promotional materials, or otherwise in connection with Defendants' business;

     ii. Using confusingly similar variations of the King Taco Trademarks causing likelihood of confusion, deception, and/or mistake as to the source, nature, and/or quality of Defendants' goods or services;

     iii. Otherwise infringing the King Taco Trademarks;

     iv. Falsely designating the origin of Defendants' goods;

     v. Causing likelihood of confusion, deception, and/or mistake as to the source, nature, and/or quality of Defendants' goods or services.

   O. For an order directing the Defendants, and each of them, to file with this Court and serve on King Taco, within thirty (30) days after service of an injunction, a written

report, signed under oath, setting forth, in detail, the manner and form in which Defendants have complied with the injunction.

        P.    For an order awarding King Taco its costs and attorneys' fees incurred in prosecuting this action.

        Q.    For an order awarding King Taco pre- and post-judgment interest.

        R.    For an order awarding such other relief that the Court deems just and proper.

DATED: SEPTEMBER 26, 2011

ARCHER NORRIS
Attorneys for Plaintiff,
KING TACO RESTAURANT, INC.

BY: _____
      Gabriel G. Green

DATED: SEPTEMBER 26, 2011

CLYDE & CO US LLP
Attorneys for Plaintiff,
KING TACO RESTAURANT, INC.

BY: _____
      Bryan P. Couch

# EXHIBIT A

# ARCHERNORRIS

A PROFESSIONAL LAW CORPORATION

333 South Grand Avenue, Suite 1700
Los Angeles, CA 90071-1540
213.437.4000
213.437.4011 (Fax)
www.archernorris.com

GABRIEL G. GREEN
ggreen@archernorris.com
213.437.4000

August 8, 2011

**BY FEDEX**

Annie Lin
King Taco Supreme
3806 Fort Hamilton Pkwy
Brooklyn, NY 11218

> Re:    Infringement of the King Taco® trademark
>          File No. K0123-001

Dear Ms. Lin:

This office represents King Taco Restaurant, Inc., the owner of the federally registered trademark King Taco® (United States Patent and Trademark Office Registration Nos. 2838200, 2838199, and 2853050). It has come to our attention that you are improperly exploiting and trading upon the goodwill associated with our client's King Taco® mark by operating a competing business in New York under the name "King Taco Supreme."

As you are no doubt aware, King Taco Restaurant, Inc. and its licensed affiliates operate in the restaurant and services industry. Through extensive advertising and promotion, King Taco Restaurant, Inc. and its licensed affiliates have become well-known as an established and growing restaurant chain. King Taco Restaurants, Inc. takes great care to protect the goodwill associated with its marks by ensuring that the products and services that are offered in connection with its marks meet King Taco Restaurant, Inc.'s consistently high quality standards.

Your operation of a competing restaurant and/or take-out restaurant service in New York under the confusingly similar name "King Taco Supreme" misleads the consuming public as to the source, quality, origin, affiliation, sponsorship, and nature of your goods and services. Consumers will no doubt mistakenly believe that there is some sort of sponsorship, affiliation, or connection between your company and King Taco Restaurant, Inc., when such is clearly not the case.

Your unauthorized use of the King Taco® mark infringes on our client's intellectual property rights, violates the Lanham Act, and constitutes unfair competition. Therefore, we

WALNUT CREEK    SACRAMENTO    NEWPORT BEACH    LOS ANGELES

King Taco Supreme
August 8, 2011
Page 2

hereby demand that you immediately **CEASE** and **DESIST** your use of the infringing name "King Taco Supreme" to advertise, promote, and/or sell the goods and services of your competing business.

You should be aware that the Lanham Act imposes strict penalties against an infringer that uses a mark that is confusingly similar to a federally registered mark. *See* 15 U.S.C. §1114; 15 U.S.C. § 1117(a). Moreover, false designations of origins and false descriptions of affiliation are equally actionable under the Lanham Act. *See* 15 U.S.C. §1125(a).

Please send us written confirmation within five (5) days of your receipt of this letter that you have ceased further infringing use of our client's King Taco® mark. This letter is not intended to be a complete or final statement of our client's rights, factual contentions, or legal contentions. Our client waives no rights, and specifically reserves all rights relating to your activities that violate its rights. We await receipt of your response.

Very truly yours,

ARCHER NORRIS

Gabriel G. Green

GGG/sy

K0123001/1192436-2